**In re Gregory PEIMAN, Debtor.**

No. 98–43292–S.

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

June 13, 2000.

Joyce Lindauer, Dallas, TX, for Debtor.

Gary M. Vodicka, Irving, TX, for First State Bank of Mesquite.

David Long, Tyler, TX, for Chapter 13 Trustee.

## MEMORANDUM OPINION

DONALD R. SHARP, Chief Judge.

NOW before the Court is the Agreed Motion To Sell Free and Clear of Liens and Interests filed by First State Bank of Mesquite (the "Bank"), Gregory Peiman ("Debtor") and Towmaster, Inc., a secured creditor in this case (the "Agreed Motion"). The Court considered the pleadings filed and the evidence adduced at trial. This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

The Debtor filed his voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Included among his Schedules and Statement of Financial Affairs was Schedule C—his schedule of property claimed as exempt. The Debtor elected the Federal exemptions pursuant to 11 U.S.C. § 522(b)(1) and (d). Included in the property claimed as exempt is a 1977 24–26' Towmaster, Inc., boat trailer (the "Trailer"). The Debtor listed the value of this claimed exemption as $0.00 and the current market value of same as $700.00. Presumably this valuation derived from his Schedule D, the schedule of creditors holding secured claims, which lists the amount of Towmaster Inc.'s claim as $2,749.00, the unsecured portion of which is listed as $2,049.00. Neither the Standing Chapter 13 Trustee nor a creditor filed an objection to the Debtor's Schedule C claim of exemption within 30 days from the date of the Debtor's section 341 meeting of creditors as provided for under Federal Rule of Bankruptcy Procedure 4003(b).

Thereafter, the Debtor, the Bank and Towmaster, Inc., filed their Agreed Motion seeking to sell the Trailer as exempt property. The terms of the sale are that the Debtor and Towmaster, Inc., will sell the Trailer to the Bank and the Bank will pay $500.00 to Towmaster and $300.00 to the Debtor. Further, the Debtor agreed to Towmaster's unsecured claim against the estate of $2,200.00. The Standing Chapter 13 Trustee (the "Trustee") objected on the basis that the value of the Trailer to be sold in excess of the value listed as exempt on Schedule C is not exempt; therefore any proceeds over and above the amount due to the lienholder should be turned over to the Trustee for distribution to the unsecured creditors of the estate. The Trustee did not object to the proposed payment of $500.00 to Towmaster.

## DISCUSSION

The Bank argues that under 11 U.S.C. § 522(*l*):

> (*l*) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section.[ . . . ] *Unless a party in interest objects, the property claimed as exempt on such list is exempt.*

*11 U.S.C. § 522(l).* (Emphasis added.) The Bank avers that pursuant to *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280, 26 C.B.C.2d 487 (1992), upon the Standing Chapter 13 Trustee's failure to file an objection in a timely fashion, the Trailer left the bankruptcy estate and vested in the Debtor regardless of the value placed on it by the Debtor in his Schedule C.

■ The Standing Chapter 13 Trustee posits that "value of the claimed exemption" in § 522(d)(5), refers to the value and not the item, such that only the zero ($0.00) amount claimed as exempt is exempt and any amount over that amount is property of the estate. Thus, the issue placed before the Court is whether the literal language of 11 U.S.C. § 522(d)(5) or that of § 522(*l*) takes precedence or, restated, whether the property claimed as exempt itself becomes exempt after the expiration of the 30 day objection period or whether the debtor's "aggregate interest" in the property becomes exempt.

■ In the *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989), the Supreme Court found that statutory analysis should begin and end with the language of the statute when the statute is plain. Properly, absent any "indication that doing so would frustrate Congress's clear intention or yield patent absurdity, our obligation is to apply the statute as Congress wrote it." *BFP v. Resolution Trust Corporation,* 511 U.S. 531, 570, 114 S.Ct. 1757, 1778, 128 L.Ed.2d 556 (1994) (Souter, J., dissenting). Accordingly, this Court logically must conclude that when § 522(*l*) declares that the "property claimed as exempt is exempt", the property claimed cannot be anything other than what the statute allows: the debtor's "aggregate interest in any property". Moreover, to interpret the statute otherwise would invite debtors to attempt to contrive their schedules under the Code to obtain a windfall. In this case, the Debtor's schedules are clearly wrong, as has been demonstrated by subsequent events.[1] Nonetheless, the Supreme Court unequivocally conveyed to us the importance of deadlines in promoting finality. "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Taylor, supra* at 644, 112 S.Ct. 1644. Based upon that principle, the Supreme Court, in *Taylor,* when faced with a dispute similar to the one before this Court, held that the Chapter 7 trustee could not contest the validity of the debtor's claimed exemption after the statutorily imposed 30–day period for objecting had expired and no extension had been obtained, even though the debtor had no colorable basis for claiming such exemption.

■ This Court is a court of law. However, it is also a court of equity. Thus, the Court seeks to do substantial justice, not to make a game out of the statutorily prescribed deadlines and rules of procedure. 11 U.S.C. § 522(d)(5), under which the Debtor claimed the Trailer, exempts the following property under subsection

---

1. In this case, the Court is equally troubled by the Debtor's failure to accurately schedule the value of the trailer, which at the very least would have some value as scrap metal and, thus, calls into serious doubt the $0.00 valuation, and by the Trustee's dereliction in failing to challenge the Debtor's obviously understated valuation. The Taylor Court, addressing this issue, said: "To the extent that the various Code and Rules provisions aimed at penalizing debtors and their attorneys for improper conduct fail to limit bad-faith exemption claims, Congress, rather than this Court, may rewrite § 522(l ) to include a good-faith requirement." *Taylor, supra* at 1648–1649.

(b)(1) of such section from the claims of creditors:

(5) The debtor's aggregate interest in any property, not to exceed in value $800 plus up to $7,500 of any unused amount of the exemption provided under paragraph (1) of this subsection.[2]

11 U.S.C. § 522(d)(1), to which Sub-paragraph (5) refers, exempts: "The debtor's aggregate interest, not to exceed $15,000 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor." The Debtor, Mr. Peiman, claims the following property as exempt pursuant to § 522(d)(5) for an aggregate total of $1,200.00:

Cash—$100

Bank of America—$200

Firearms, sports and other hobby equipment—$100

1997 Trailer—$0.00

1983 Thunderbird—$0.00

Office equipment and supplies—$500.00

Inventory—$300.00

The Debtor claims zero ($0.00) pursuant to § 522(d)(1). If the Court construes the Agreed Motion as an amendment to the value stated on Schedule "C", increasing it from the $0.00 amount listed to the amount of $800.00 in accordance with the theory that the value of the property is that which 'a willing buyer would pay a willing seller', the amount of the Debtor's exempt property under § 522(d)(5) does not exceed the "$800.00 plus up to $7,500" of any unused amount of the sub-paragraph (1) exemption as set forth in the statute. The Court notes that had the Debtor amended his Schedule C respect-

ing the Trailer, the Trustee would have had the opportunity, but would not have had the grounds to object to the amount of the claimed exemption and the sale would have gone through as proposed. Although the sale as contemplated does not place $300.00 into the pot of assets to be distributed to the unsecured creditors of this estate as hoped for by the Trustee, it does reduce the debt of Towmaster against the estate by $500. On March 30, 1999, the Court entered an order confirming the debtor's proposed plan of reorganization and the Trustee anticipated a proposed dividend of more than 10% to be paid to the unsecured creditors of the bankruptcy estate. To the extent that Towmaster's entitlement to a distribution of the assets is reduced, the unsecured creditors will receive a benefit as a result of the Debtor's negotiation of the deal with Towmaster and the Bank. For the foregoing reasons, this Court approves the sale of the Trailer to the Bank under the terms proposed in the Agreed Motion. An order will be entered accordingly.

---

2. By notice dated Feb. 3, 1998, 63 F.R. 7179, the Judicial Conference of the United States adjusted the amounts under § 522(d) upward effective April 1, 1998. This case was filed prior to April 1, 1998 hence the adjustment does not apply.